### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### TRENTON DIVISION

---

| | |
|---|---|
| **CLAYTON WATSON,** | |
| Plaintiff, | Case No: _____ |
| v. | |
| **AMERICAN GLOBAL OBLIGORS, INC. d/b/a CHOICE HOME WARRANTY,** | **Jury Trial Demanded** |
| Defendant. | |

---

## COLLECTIVE / CLASS ACTION COMPLAINT

Clayton Watson ("Plaintiff"), by and through his undersigned counsel, hereby makes the following allegations against American Global Obligors, Inc. d/b/a Choice Home Warranty ("Defendant") concerning his acts and status upon actual knowledge, and concerning all other matters upon information, belief, and the investigation of his counsel:

## NATURE OF ACTION

1. Plaintiff contends that Defendant violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.*, the New Jersey Wage and Hour Regulations, N.J.A.C. 12:56 *et seq.*, and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 et seq. ("NJWPL") (collectively, "NJWHL") by knowingly misclassifying its Inside Sales Representatives as exempt employees and failing to pay them required minimum and overtime wages. Plaintiff seeks to bring his FLSA claims as a multi-state collective action under 29 U.S.C. § 216(b) and his NJWHL claims as a state-wide class action under Fed. R. Civ. P. 23(b)(3).

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331 (federal question jurisdiction).

3. This Court has subject-matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction), because these claims arise from the same occurrence or transaction and are so related to Plaintiff's FLSA claim as to form part of the same case or controversy.

4. Venue is proper in this District and Division (Trenton) pursuant to 28 U.S.C. §1391(b), because Defendant's headquarters is in Bedminster, N.J. (Somerset County), Plaintiff worked for Defendant in Edison, N.J. (Middlesex County), Defendant has significant business contacts in this District and Division, and acts and omissions giving rise to Plaintiff's claims occurred in this District and Division and effected individuals residing in this District and Division.

## PARTIES

5. Plaintiff is an adult citizen of the State of New Jersey and worked as an Inside Sales Representative for Defendant in Edison, N.J. for approximately two months in 2024. During this time, Plaintiff's primary job responsibility was to sell home warranties to residential customers from inside Defendant's offices. To gain access to better sales leads and meet Defendant's productivity requirements, Plaintiff routinely worked 60 or more hours per week, including approximately 20 hours each weekend. Defendant classified Plaintiff as exempt from federal and state overtime requirements and paid him a "salary" of $450 per week plus commissions. Plaintiff only earned commission payments ($123.00 and $197.00) in two weeks, and never received any overtime wages. Based on the hours he worked and the wages Defendant paid, Plaintiff received less than the required minimum wage ($15.13/hr. x 40hrs./wk.=$605.20) in all but two workweeks,

and is owed overtime premium wages of approximately $450.00 (for 20 overtime hours) for each week he worked. Plaintiff has filed a Consent Form to join this litigation. *See* Exhibit A.

6. Defendant is a New Jersey corporation, headquartered in Bedminster, N.J., that does business as Choice Home Warranty, selling residential home warranties and providing residential home warranty service to consumers in many states through a web of wholly-owned subsidiaries. *See https://www.choicehome warranty.com* (viewed Dec. 10, 2024); *https://www. choicehomewarranty.com/user-agreement* (viewed Dec. 11, 2024). At all relevant times, Defendant and/or its subsidiaries have been "employers" under the FLSA and NJWHL and classified all Choice Home Warranty Inside Sales Representatives as overtime exempt.

## MATERIAL FACTS

7. Pursuant to Defendant's company-wide policies, procedures, and systems, all Inside Sales Representatives have the same primary job duty: to sell residential home warranties from inside Defendant's offices in Bedminster, N.J., Edison, N.J., Newark, N.J., and elsewhere.

8. Defendant's Inside Sales Representatives are not primarily responsible for performing work directly related to the management or Defendant's general business operations, do not exercise discretion and independent judgment with respect to matters of significance to Defendant's business operations, and perform their duties from inside Defendant's offices. In essence, Defendant's Inside Sales Representatives are warranty salespeople who lack any *bona fide* executive, administrative, or professional function.

9. Defendant unilaterally dictates and controls the terms of its Inside Sales Representatives' employment, including the nature of their work, the wages they receive and their classification as overtime exempt employees.

10. Defendant also unilaterally dictates and controls the company-wide policies, procedures, and systems governing its Inside Sales Representatives' employment, including their access to sales leads, their productivity requirements, how their wages and commissions are calculated and paid, and how their work time is tracked.

11. Under its standardized, company-wide policies, procedures, and systems, Defendant knowingly suffers, permits, and encourages its Inside Sales Representatives to arrive early for work, stay late at work, and work on weekends. As a result, Defendant's Inside Sales Representatives regularly work 60 or more hours each week.

12. Although Defendant knows how many hours its Inside Sales Representatives work, it does not create or maintain accurate, contemporaneous records of their work hours for payroll purposes.

13. Pursuant to Defendant's standardized, company-wide policies, procedures, and systems, its Inside Sales Representatives do not receive a weekly guaranteed salary of at least $684.00. Instead, Defendant pays its Inside Sales Representatives a "salary" of $450.00 per week plus commissions, meaning they do not meet the salary threshold for an overtime exemption under federal or New Jersey law, receive less than the required minimum wage in many workweeks (particularly weeks they receive no commission), and do not receive required overtime premium pay in weeks they work over 40 hours.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff brings his FLSA claim on a collective basis, to recover unpaid minimum and overtime wages, liquidated damages, and other relief related to Defendant's FLSA violation.

15. Plaintiff seeks to maintain this claim as a collective action pursuant to 29 U.S.C. §216(b) for himself and:

> All people who worked as "Group C" and "Floater" Inside Sales Representatives for Defendant at any time during the maximum limitations period, and worked over 40 hours in any workweek without receiving all required overtime wages.

(the "FLSA Collective").  Plaintiff reserves the right to amend this definition as necessary.

16. Plaintiff is a member of the FLSA Collective, because he worked for Defendant as a "Group C" Inside Sales Representative during the relevant period and regularly worked hours for which he was not paid all required minimum and overtime wages.

17. Although Plaintiff and the FLSA Collective members may have worked in different office locations, the FLSA claims in this action are appropriate for collective treatment, because:

    a. Defendant employed all the FLSA Collective members;

    b. All FLSA Collective members had the same job title and duties;

    c. All FLSA Collective members performed their warranty sales duties from inside Defendant's offices.

    d. No FLSA Collective member is primarily responsible to perform work directly related to the management or general business operations of Defendant or its customers;

    e. No FLSA Collective member exercised discretion and independent judgment with respect to matters of significance to Defendant's business operations;

    f. No FLSA Collective member earned a guaranteed weekly salary of at least $684.00 in any workweek during the relevant period;

    g. Defendant classified all the FLSA Collective members as "salaried" employees exempt from federal overtime requirements;

    h. Plaintiff and the FLSA Collective members regularly worked 60 or more hours per week;

    i. Defendant did not create or maintain accurate contemporaneous records of the hours Plaintiff and the FLSA Collective members worked;

j. Defendant maintained standardized, company-wide timekeeping policies, procedures, and systems with respect to Plaintiff and the FLSA Collective members;

k. Defendant maintained standardized, company-wide payroll policies, procedures, and systems with respect to Plaintiff and the FLSA Collective members;

l. Defendant did not ensure Plaintiff and the FLSA Collective members received at least the required minimum wage rate for every hour they worked;

m. Defendant did not pay Plaintiff and the FLSA Collective members at an overtime premium rate for any hour they worked over 40 in any week; and

n. Defendant's labor relations and human resources systems were centrally-organized and controlled, and shared a common management team that controlled the company-wide policies, procedures, and systems at issue here.

18. Plaintiff and the FLSA Collective members are similarly-situated because, *inter alia*, they all: have the same job title; are governed by the same company-wide policies, procedures, and systems; perform the same work-related duties and tasks using the same systems and procedures; are assigned the same "Group C" and "Floater" designations that limit their access to sales leads during weekday business hours; have the same productivity expectations; are classified as overtime exempt/salaried workers and paid pursuant to the same payroll policies, procedures, and systems; work 60 or more hours per week; and, because of these things, are not paid all required minimum and overtime wages.

19. Defendant suffers, permits, and encourages Plaintiff and the FLSA Collective members to work 60 or more hours per week, and knows they do not earn commissions in most workweeks, so unavoidably knows its $450 per week "salary" plus commission compensation structure does not provide all minimum and overtime wages required by law.

**STATE-LAW CLASS ACTION ALLEGATIONS**

20. Plaintiff brings his NJWHL claims on a class action basis, to recover unpaid minimum and overtime wages, liquidated damages, and other relief related to Defendant's NJWHL violation.

21. Plaintiff seeks to maintain this claim as a class action pursuant to Fed. R. Civ. P. 23(b)(3), for himself and:

> All people who have worked as "Group C" or "Floater" Inside Sales Representatives for Defendant in New Jersey at any time during the maximum limitations period, and have worked over 40 hours in any workweek without receiving all required minimum or overtime wages.

(the "NJWHL Class"). Plaintiff reserves the right to amend this Class definition as necessary.

22. Plaintiff is a member of the NJWHL Class, because he worked for Defendant as a "Group C" Inside Sales Representative in New Jersey during the relevant period, regularly worked 60 or more hours per week, and was not paid all required minimum and overtime wages.

23. The members of the NJWHL Class are so numerous that their joinder would be impracticable. Over the relevant period, Defendant is believed to have employed at least several hundred people in its New Jersey locations.

24. There are material questions of law or fact common to the members of the NJWHL Class because, as discussed throughout this filing, Defendant engaged in a common course of conduct that violated the NJWHL Class members' right to minimum and overtime wages. Any individual questions that Plaintiff's claims present will be far less central to this litigation than the numerous common questions of law and fact, including:

    a. Whether Defendant conducted any analysis of the Class members' duties before classifying them as exempt;

b. Whether the Class members' primary job duties support their exempt status;

c. Whether the Class members received at least the required minimum wage for all hours worked up to 40 per week;

d. Whether the Class members worked over 40 hours per week;

e. Whether the Class members received overtime premium wages for the hours they worked over 40 per week;

f. Whether Defendant has created or maintained accurate contemporaneous records of the time worked by the Class members;

g. Whether Defendant's wage and hour practices violate New Jersey Law;

h. Whether the Class members have suffered damages, and the proper measure of those damages; and

i. Whether Defendant intentionally failed to pay minimum and overtime wages to the Class members.

25. Plaintiff's claims are typical of the claims belonging to the members of the NJWHL Class. Plaintiff is similarly-situated to the putative Class members because they were all treated as exempt from state overtime requirements, subjected to company-wide work, timekeeping, and payroll policies, procedures, and systems and denied overtime premium wages and minimum wages required by New Jersey law because of Defendant's common course of conduct.

26. Plaintiff will fairly and adequately assert and protect the interests of the absent Class members because: there is no apparent conflict of interest between Plaintiff and the absent NJWHL Class members; Plaintiff's Counsel have successfully prosecuted many complex Class actions, including state-law wage and hour class actions and will adequately prosecute these claims; and Plaintiff has adequate financial resources to assure the interests of the Class members will not be harmed because his counsel have agreed to advance the costs and expenses of litigation

on the Class members' behalf contingent upon the outcome of this litigation consistent with the applicable rules of professional conduct.

27. Allowing this action to proceed as a class action will provide a fair and efficient method for adjudication of the issues presented by this controversy because issues common to the members of the NJWHL Class (including the propriety of Defendant's classification of the Class members as overtime exempt) predominate over any questions affecting only individual members; no difficulties are likely to be encountered in the management of this litigation as a class action; and the claims addressed in this Complaint are not too small to justify the expenses of class-wide litigation, nor are they likely to be so substantial as to require the litigation of individual claims

28. Given the material similarity of claims belonging to members of the NJWHL Class, this Court should not countenance or require the filing of hundreds of identical actions even if each Class member could afford to litigate a separate claim. Individual litigation of the legal and factual issues raised by Defendant's conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources. Alternatively, proceeding by way of a class action will permit the efficient supervision of these claims, give rise to significant economies of scale for the Court and the Parties and result in a binding, uniform adjudication on all issues.

29. Allowing Plaintiff's claims to proceed as a class action is also appropriate, because the NJWHL expressly permits private civil lawsuits to recover unpaid minimum and overtime wages.

### COUNT I
### Violation of the FLSA
### Failure to Pay Overtime Wages
### (for the FLSA Collective)

30. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

31. FLSA Section 207(a)(1) requires an employee to be paid an overtime rate, equal to at least 1½ times their regular rate of pay, for all hours worked over 40 per week.

32. Defendant violated this provision of the FLSA through standardized, company-wide policies, procedures, and systems that caused Plaintiff and the FLSA Collective members to be classified as exempt from federal overtime requirements.

33. Under Defendant's standardized, company-wide policies, procedures, and systems, Plaintiff and the FLSA Collective members routinely worked over 60 hours per week.

34. In most weeks, Defendant paid Plaintiff and the FLSA Collective members only $450.00, their designated "salary." This amount provided 40 hours of federal minimum wage straight-time pay (40hrs.x$7.25/hr.=$290.00), plus an additional $160.00. Thus, each week Plaintiff and the FLSA Collective members worked 15 or more overtime hours without receiving a commission payment, they experienced an overtime violation (15hrs.x$10.87/hr.=$163.05).

35. Defendant violated the FLSA by failing to create or maintain accurate contemporaneous records of all overtime hours Plaintiff and the FLSA Collective members worked.

36. By engaging in the conduct alleged herein, Defendant acted willfully and/or with reckless disregard for the FLSA Collective members' rights under the FLSA.

37. Throughout the relevant period, Defendant has been subject to the requirements of the FLSA, Plaintiff and the FLSA Collective members have been entitled to the rights provided by the FLSA, and Plaintiff and the FLSA Collective members have not been exempt from the FLSA's protection for any reason.

38. FLSA Section 213 exempts certain, specific categories of employees from the overtime pay requirements of Section 207(a)(1). None of these exemptions apply to Plaintiff and

the FLSA Collective members. Nor do Plaintiff and the FLSA Collective members meet the requirements for overtime exempt status applied to inside salespeople, because their earnings did not exceed 1.5x the federal minimum wage rate, they did not receive a guaranteed salary over $684.00 per week, and they did not receive more than half their pay from commissions.

39. Defendant's unlawful conduct has harmed Plaintiff and the FLSA Collective members by depriving them of overtime premium wages Defendant was required to provide in most of their workweeks.

## COUNT II
### Violation of the NJWHL
### Failure to Pay Minimum and Overtime Wages
### (for the NJWHL Class)

40. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

41. Defendant is an "employer" as defined by N.J.S.A 34:11-56(a)(1)(g).

42. Plaintiff and the NJWHL Class Members are "employees" as defined by N.J.S.A 34:11-56(a)(1)(h).

43. The minimum and overtime wages Plaintiff and the NJWHL Class Members seek are "wages" as defined by N.J.S.A 34:11-56(a)(1)(d).

44. Throughout the relevant period, Defendant has been subject to the NJWHL and its enabling Regulations.

45. The NJWHL provides that the State minimum wage rate would be $12.00 per hour on January 1, 2022, and $13.00 per hour on January 1, 2023. *See* N.J.S.A 34:11-56(a)(4). Intervening legislation by Governor Murphy increased the State minimum wage rate to $15.13 per hour on January 1, 2024, and to $15.49 per hour on January 1, 2025.

46. The NJWHL provides: "Every employer shall pay to each of his employees [*sic*] wages at a rate of not less than 1½ times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week...." *See* N.J.S.A 34:11-56(a)(4).

47. Defendant violated the NJWHL and its enabling Regulations through standardized, company-wide policies, procedures, and systems that caused Plaintiff and the NJWHL Class members to be improperly paid less than the required minimum wage in most weeks they worked.

48. In most weeks, Defendant paid Plaintiff and the NJWHL Class members only $450.00, their designated "salary." In 2022, this amount covered 37.5 hours of state minimum wage straight-time pay ($450.00÷$12.00/hr.=37.5hrs.). In 2023, this amount covered 34.6 hours of state minimum wage straight-time pay ($450.00÷$13.00/hr.=34.6hrs.). In 2024, this amount covered 29.7 hours of state minimum wage straight-time pay ($450.00÷$15.13/hr.=29.7hrs.). In 2025, this amount will cover 29 hours of state minimum wage straight-time pay ($450.00÷$15.49/hr.=29hrs.). In all these years, Plaintiff and the NJWHL Class members have routinely worked 60 or more hours, meaning they were subjected to a clear minimum wage violation.

49. Defendant violated the NJWHL and its enabling Regulations through standardized, company-wide policies, procedures, and systems that caused Plaintiff and the NJWHL Class members to be improperly denied required overtime premium wages in most, if not all, weeks they worked. Because the $450.00 per week "salary" Defendant paid Plaintiff and the NJWHL Class members since 2022 has covered no more than 37.5 hours'-worth of their work, this practice presents an obvious state overtime violation for employees who were knowingly suffered, permitted, or encouraged to work 60 or more hours per week without ever being paid an overtime premium rate ($18.00-$23.24/hr.), let alone receiving all required overtime wages for every

overtime hour they worked.

50. Defendant violated the NJWHL by failing to create or maintain accurate contemporaneous records of all hours Plaintiff and the NJWHL Class members worked. *See* N.J.S.A 34:11-56(a)(20).

51. Throughout the relevant period, Defendant has been subject to the requirements of the NJWHL and its enabling Regulations, Plaintiff and the NJWHL Class members have been entitled to the rights provided by the NJWHL and its enabling Regulations, and Plaintiff and the NJWHL Class members have not been exempt from the NJWHL's protection for any reason.

52. Plaintiff and the NJWHL Class members do not meet any of the overtime exemptions found in N.J.S.A 34:11-56(a)(4), because they were not "employed in a *bona fide* executive, administrative, or professional capacity," and did not perform any of the jobs expressly exempted from overtime requirements (*e.g.,* part-time childcare providers, motor vehicles salesmen, outside salesmen, or nonprofit agricultural fair volunteers). They also are entitled to the NJWHL's protections, because their earnings did not exceed 1.5x the state minimum wage rate, they did not receive a guaranteed salary over $684.00 per week, and they did not receive more than half their pay from commissions.

53. By engaging in the conduct alleged herein, Defendant has acted willfully and/or with reckless disregard for the NJWHL Class members' rights under New Jersey Law.

54. N.J.S.A 34:11-56(a)(25) expressly allows a private plaintiff to bring a civil action to enforce an employers' failure to comply with the requirements of the Act.

55. N.J.S.A 34:11-56(a)(25) expressly provides that an agreement between the employer and employee to work for less than the wages required by the Act is not a defense to an action seeking to recover those unpaid wages.

## COUNT III
### Violation of the NJWHL
### Failure To Pay For All Hours Worked
### (for the NJWHL Class)

56. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

57. The NJWHL provides sanctions for noncompliance applicable to wages and hours required by to the Act. *See* N.J.A.C. 12:56-1.1.

58. Plaintiff and the NJWHL Class Members are "employees" as defined by N.J.A.C. 12:56-2.1.

59. Defendant is an "employer" as defined by N.J.A.C. 12:56-2.1.

60. The overtime premium and minimum wages Plaintiff seeks are "wages" as defined by N.J.A.C. 12:56-2.1.

61. A NJWHL violation occurs when an employer: "Pays… wages at a rate less than the rate applicable under this chapter or any wage order issued pursuant thereto." *See* N.J.A.C. 12:56-1.2(a)(6).

62. The NJWHL also provides that "Employees entitled to the benefits of the Act shall be paid for all hours worked." *See* N.J.A.C. 12:56-5.1.

63. Defendant violated the NJWHL through standardized, company-wide policies, procedures, and systems that caused Plaintiff and the NJWHL Class members to be improperly paid less than the required minimum wage for certain hours they worked.

64. Defendant violated the NJWHL through company-wide policies, procedures, and systems that caused Plaintiff and the NJWHL Class members to be improperly denied required overtime premium wages for overtime hours they worked.

14

65. Defendant violated the NJWHL by failing to create or maintain accurate contemporaneous records of all hours Plaintiff and the NJWHL Class members worked. *See* N.J.A.C. 12:56-1.2(a)(2) and 12:56-4.1.

66. Throughout the relevant period, Defendant has been subject to the requirements of the NJWHL and its enabling Regulations, Plaintiff and the NJWHL Class members have been entitled to the rights provided by the NJWHL and its enabling Regulations, and Plaintiff and the NJWHL Class members have not been exempt from the NJWHL's protection for any reason.

67. By engaging in the conduct alleged herein, Defendant has acted willfully and/or with reckless disregard for the NJWHL Class members' rights under New Jersey Law.

68. N.J.S.A 34:11-56a25 expressly allows a private Plaintiff to bring a civil action to enforce an employers' failure to comply with the requirements of the Act.

69. N.J.S.A 34:11-56a25 expressly provides that an agreement between the employer and employee to work for less than the wages required by the Act is not a defense to an action seeking to recover those unpaid wages.

## COUNT IV
### Violation of the NJWPL
### Failure To Timely Pay Wages
### (for the NJWHL Class)

70. The New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 *et seq.* ("NJWPL"), requires every employer to pay the full amount of wages due its employees at least twice during the calendar month on regular paydays designated in advance.

71. Throughout the relevant period, Defendant failed to pay Plaintiff and the NJWHL Class members the full amount of wages due to them on their regular paydays.

72. As a result of Defendant's violations of the law and failure to pay Plaintiff all wages due, including overtime wages and unlawfully deducted wages, Plaintiff has been damaged and is

entitled to recover from Defendant all unpaid wages, along with interest and costs.

73. Judgment should be entered in favor of Plaintiff and against Defendant on the Fourth Cause of Action for all unpaid wages, interest, costs, and such other legal and equitable relief as this Court deems just and proper.

WHEREFORE, Plaintiff respectfully prays for an Order:

a. Conditionally certifying Plaintiff's FLSA overtime wage claim and Granting class certification to Plaintiff's NJWHL and claim;

b. Approving Plaintiff as an adequate NJWHL Class representative;

c. Appointing Stephan Zouras, LLC as FLSA Collective and NJWHL Class Counsel;

d. Requiring Defendant to provide Stephan Zouras, LLC with a list of the names, addresses, phone numbers, and e-mail addresses of all FLSA Collective and NJWHL Class members;

e. Authorizing Stephan Zouras, LLC to issue a notice informing the FLSA Collective members of the nature of the action and their right to join;

f. Authorizing Stephan Zouras, LLC to issue a notice informing the NJWHL Class members of the nature of the action and their right to opt-out of this lawsuit;

g. Finding that Defendant willfully violated the FLSA by failing to pay required overtime wages to Plaintiff and the FLSA Collective members;

h. Finding that Defendant willfully violated the NJWHL by failing to pay minimum and overtime wages owed to Plaintiff and the NJWHL Class members and failing to pay Plaintiff and the Class members wages owed for all hours worked;

i. Granting judgment in favor of Plaintiff, the FLSA Collective members, and the NJWHL Class members on their respective claims;

j. Awarding Plaintiff, the FLSA Collective members, and the NJWHL Class members all compensatory damages, liquidated damages, pre-judgment interest, attorney's fees, and costs owed on their respective claims;

k. Declaring that Defendant willfully violated the FLSA and NJWHL as set forth above and granting an injunction prohibiting Defendant from continuing to engage in the identified violations; and

l. Awarding any further relief the Court deems just, equitable and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury in the above-captioned matter.

           Respectfully submitted,

Dated: January 6, 2025    */s/ David J. Cohen*
           David J. Cohen (N.J. Bar #030961994)
           STEPHAN ZOURAS LLC
           604 Spruce Street
           Philadelphia, PA 19106
           215-873-4836
           *dcohen@stephanzouras.com*

           James B. Zouras (*pro hac vice*)
           STEPHAN ZOURAS, LLC
           222 W. Adams Street, Suite 2020
           Chicago, IL  60606
           312-233-1550
           *jzouras@stephanzouras.com*

           *Counsel for Plaintiff*